IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SIDNEY JAMES BREWER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-2227-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Sidney James Brewer, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied in part and dismissed in part.

I.

In 1996, petitioner was convicted of aggravated sexual assault of a child and sentenced to 70 years confinement. His conviction and sentence were affirmed on direct appeal. *Brewer v. State*, No. 05-96-00217-CR, 1998 WL 93738 (Tex. App.--Dallas, Mar. 5, 1998, pet. ref'd). Petitioner also filed three applications for state post-conviction relief and three federal writs of habeas corpus. One state writ was denied without written order. *Ex parte Brewer*, WR-20,102-02 (Tex. Crim. App. Jun. 30, 1999). Two other state writs were dismissed as successive. *Ex parte Brewer*, WR-20,102-03 (Tex. Crim. App. Jan. 26, 2005); *Ex parte Brewer*, WR-20,102-04 (Tex. Crim. App. Dec. 13, 2006). Petitioner's first federal writ was denied on the merits. *Brewer v. Johnson*, No. 3-99-CV-1464-X, 2001 WL 803799 (N.D. Tex. Jul. 12, 2001), *COA denied*, No. 01-11073 (5th Cir. Nov. 12, 2001).

Two other federal writs were dismissed as successive. *Brewer v. Quarterman*, No. 3-07-CV-0772-R, 2007 WL 2984656 (N.D. Tex. Oct. 12, 2007); *Brewer v. Quarterman*, No. 3-08-CV-0847-L, 2008 WL 2531396 (N.D. Tex. Jun. 20, 2008). The Fifth Circuit has denied a request for authorization to file a successive writ of habeas corpus. *In re Brewer*, No. 08-10082 (5th Cir. Mar. 5, 2008).

Undeterred, petitioner now seeks federal habeas relief for a fourth time. In three grounds, petitioner contends that: (1) he received ineffective assistance of counsel at trial; (2) his sentence enhancement was illegal; and (3) the trial court improperly denied his motion for post-conviction DNA testing. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

Two of the claims raised by petitioner--that he received ineffective assistance of counsel at trial and that his sentence enhancement was illegal--were either known, or should have been known, at the time he filed his first habeas petition. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ("[A]

later petition is successive when it [ ] raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition ..."). Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, these claims must be dismissed as successive.

## III.

Petitioner further alleges that he was denied forensic DNA testing with respect to a prior aggravated sexual assault conviction that was used to enhance his sentence. That claim is not successive because petitioner did not request DNA testing until after his first federal writ had been denied. However, whether petitioner has a right to post-conviction DNA testing is a matter of state law that is not cognizable on federal habeas review. *See, e.g. Sykes v. Dretke*, No. 3-02-CV-0784-G, 2004 WL 1856826 at *8 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 2026783 (N.D. Tex. Sept. 9, 2004), *appeal dism'd*, No. 04-11434 (5th Cir. Jan. 5, 2005); *Westerby v. Cockrell*, No. 2-02-CV-0260-J, 2003 WL 21992772 at *2 (N.D. Tex. Aug. 21, 2003), *rec. adopted*, 2003 WL 22172349 (N.D. Tex. Sept. 11, 2003), *COA denied*, No. 03-10986 (5th Cir. Feb. 17, 2004). Consequently, this ground for relief should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied in part and dismissed in part. His claim challenging the denial of post-conviction DNA testing should be denied on the merits. In all other respects, the writ should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE