IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SIDNEY JAMES BREWER**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:08-CV-2227-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court are the Findings and Recommendation of the United States Magistrate Judge, filed December 29, 2008. Petitioner timely filed objections on January 9, 2009.

Petitioner has brought a habeas petition pursuant to 28 U.S.C. § 2241, which the magistrate judge construed as a petition brought pursuant to 28 U.S.C. § 2254, and which he found was barred because it is a successive petition for postconviction relief. Section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The magistrate judge found that Petitioner's claims of ineffective assistance and an illegal sentence were successive claims for which the Fifth Circuit has not issued an order authorizing a successive petition. Petitioner's third claim that he was denied forensic DNA testing is not a

Order – Page 1

successive claim, but is a matter of state law that is not cognizable on federal habeas review. The magistrate judge therefore recommends denying Petitioner's third claim with prejudice and Petitioner's first and second claims without prejudice.

Petitioner objects and argues that his claim is brought pursuant to section 2241, not 2254, and therefore it is not barred. This court has rejected this argument, and Petitioner "may not utilize § 2241 . . . merely to avoid various statutory provisions specifically applicable to § 2254 motions." *Williams v. O'Brien*, 2007 WL 60487, *1 (N.D. Tex. Jan. 5, 2007); *see also Jimenez v. Director, TDCJ-CID*, 2009 WL 152714, *1-2 (E.D. Tex. Jan. 21, 2009). Accordingly, the court **overrules** Petitioner's objection.

Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court is without jurisdiction to consider Petitioner's claims one and two, and Petitioner's third claim fails on the merits. Accordingly, Petitioner's claims of ineffective counsel and illegal sentence are **dismissed without prejudice** for want of jurisdiction, and Petitioner's claim that he was denied forensic DNA testing is **dismissed with prejudice**. This dismissal is without prejudice to Plaintiff's right to file a motion for leave to file a second or successive section 2254 petition in the United States Court of Appeals for the Fifth Circuit.

**It is so ordered** this 29th day of January, 2009.

Sam A. Lindsay
United States District Judge